UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN AZA JEROME OWENS #11142-040,

  Movant,

v.

  File No. 1:07-CV-637

  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

  Respondent.
  _____/

# **O P I N I O N**

  This matter is before the Court on Movant Ian Aza Jerome Owens' motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Movant filed his § 2255 motion on July 2, 2007. (Dkt. No. 1.) The United States filed a response on November 20, 2007. (Dkt. No. 12.) Movant filed a reply on April 3, 2008. (Dkt. No. 22.) For the reasons that follow, Movant's § 2255 motion will be denied.

## **I. Background**

  On May 10, 2004, Movant was convicted for his role in four bank robberies occurring on November 2, 2000, May 10, 2001, November 28, 2001, and February 15, 2002. (File No. 1:02-CR-226, Dkt. No. 86, J.) Movant was found guilty on the following charges: four counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d); one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); one count of possession and aiding and abetting the possession of a firearm in furtherance of a crime of

violence in violation of 18 U.S.C. § 924(c)(1)(A)(I); four counts of aiding and abetting the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(I); two counts of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; and one count of carjacking in violation of 18 U.S.C. § 2119. (Dkt. No. 123, 06/16/2006 Am. J.) The Sixth Circuit affirmed Movant's conviction but remanded the case for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Owens*, 426 F.3d 800, 804 (6th Cir. 2005). On June 15, 2006, Movant was resentenced to a total of 1,380 months in prison, three years supervised release on each count to be served concurrently, and $229,990 in restitution payments. (06/16/2006 Am. J.)

Movant's § 2255 motion raises four grounds on which his sentence should be vacated, set aside or corrected: (A) counsel was ineffective based on (1) engaging in a conflict of interest, (2) conducting an insufficient investigation, (3) failing to renew a 404(b) motion, (4) stipulating to the admissibility of prejudicial evidence, (5) failing to make appropriate objections, (6) failing to present a closing argument, and (7) failing to argue ineffective assistance on appeal; (B) the trial court erred in refusing to allow a second voir dire examination; (C) the evidence was insufficient to convict Movant of various aiding and abetting charges, as well as felon in possession of a firearm; and (D) the sentence imposed is unconstitutional.

## II. Legal Standard

A prisoner who moves to vacate his sentence under § 2255 must show that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.

28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In addressing a motion to vacate or correct a sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In addition, "no hearing is required if the

petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Generally, a petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady* 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel; such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 509 (2003).

### III. Analysis

**A. Ground One: Ineffective Assistance**

In order to prevail on a claim of ineffective assistance, Movant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced Movant and deprived him of a fair trial.

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. In determining whether counsel's performance was deficient,

> a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time . . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90. In determining whether counsel's performance was prejudicial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Courts are not required to conduct an analysis under both prongs of the *Strickland* test if the claim can be disposed of under one prong. *Id.* at 697; *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003); *Butler v. Renico*, 255 F. App'x 939, 945 (6th Cir. 2007) (unpublished).

**(1) Conflict of Interest**

Movant argues that his trial counsel, Ms. Louis Herrick, was ineffective because she represented Mr. David Feinberg in an unrelated criminal case. Mr. Feinberg had represented Movant prior to Ms. Herrick. Movant asserts that Ms. Herrick's representation of Mr. Feinberg influenced her ability to provide effective assistance to Movant.

5

In an ineffective assistance claim alleging a conflict of interest, prejudice may be presumed if the evidence shows "an actual conflict of interest." *Strickland* 466 U.S. at 692 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980)). To meet this presumption, Movant must prove "that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Id.* (quoting *Sullivan*, 446 U.S. at 348-350) (internal quotations omitted). However, "[t]he *Sullivan* standard has been applied by the Supreme Court only in cases, like those involving multiple concurrent representation, where (1) prejudice was obvious . . . and (2) it was difficult to prove that prejudice." *Whiting v. Burt*, 395 F.3d 602, 619 (6th Cir. 2005) (citing *Mickens v. Taylor*, 535 U.S. 162, 175 (2002)). There is no evidence of obvious prejudice here, such as the flat denial of the assistance of counsel. *See id.* Movant merely speculates that Mr. Feinberg had an effect on Ms. Herrick's representation of Movant. Even if the *Sullivan* standard did apply, there is no evidence that Ms. Herrick "actively represented" a conflicting interest at trial, such as representing a co-defendant with a competing claim. *See Burger v. Kemp*, 483 U.S. 776, 801-02 (1987). Therefore, Movant is not entitled to a presumption of prejudice based on a conflict of interest.

There are a number of other factors that dilute the possibility of a conflict of interest in Movant's case. First, Ms. Herrick stated that, at the time of his trial, Movant knew of Ms. Herrick's representation of Mr. Feinberg. (File No. 1:07-CV-637, Dkt. 12-2, 11/20/2007 Herrick Decl. ¶ 3.) Second, Ms. Herrick denied any conflict of interest in a sworn statement.

6

(*Id*) ("I am aware of no conflict of interest stemming from my representation of Mr. Feinberg . . . ."). Third, there is no evidence that Ms. Herrick's communication with Mr. Feinberg prior to taking Movant's case involved a conflict of interest. (*See* File No. 1:02-CR-226, Dkt. No. 76, 01/29/2004 Trial Tr. III 537.) Fourth, when Ms. Herrick disclosed her representation of Mr. Feinberg during Movant's trial, the court did not express concern about a possible conflict of interest. (*See id.* at 465.) Even if it is arguable that Ms. Herrick's representation of Mr. Feinberg could have affected her representation of Movant, "the possibility of conflict is insufficient to impugn a criminal conviction." *Sullivan*, 446 U.S. at 350. Therefore, Movant has not proven that a conflict of interest existed that would result in the deficient performance of counsel.

**(2) Insufficient Investigation**

Movant contends that his counsel should have further investigated Movant's alibi that he was forced into committing the February 2002 bank robbery and that he was not involved in the other three robberies. In addition to the general ineffective assistance standard, *Strickland* also articulates the investigatory obligations of counsel:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. . . . A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 691. Trial counsel's sworn declaration leads to the conclusion that Movant's alibis were reasonably investigated. (*See* File No. 1:07-CV-637, Dkt. No. 12-2, 11/20/2007 Herrick Decl. ¶ 2.) ("I conducted an extensive investigation into all matters

7

relating to [Movant's] defense . . . . I am aware of no issues that [Movant] raised with me that were not investigated prior to trial.") In addition, Movant's counsel attempted to validate Movant's alibis with the testimony of a number of witnesses at trial, including Movant's mother (File No. 1:02-CR-226, Dkt. No. 78, 02/02/2004 Trial Tr. V at 935), his brother (*id.* at 958), his uncle (*id.* at 963), his former boss (*id.* at 897), three of his cousins (*id.* at 952, 968; Dkt. No. 79, 02/03/2004 Trial Tr. VI 1044), and his former girlfriend (*id.* at 994). The effort of Movant's counsel to call and examine each of these witnesses is clear evidence of a reasonable investigation.

Furthermore, many of Movant's accomplices in these robberies testified to Movant's willing involvement. (Dkt. No. 75, 01/28/2004 Trial Tr. II at 297-301 (Johnson); Dkt. No. 76, 01/29/2004 Trial Tr. III at 480-84 (Jones); Dkt. No. 77, 01/30/2004 Trial Tr. IV at 648-54 (Sutton), 733-38 (Jackson), 799-809 (Sorrells).) Based on the amount of testimony against Movant, even if Movant's counsel did not thoroughly investigate Movant's alibis, that course of action would have amounted to a "reasonable decision." Thus, the conduct of Movant's counsel did not amount to ineffective assistance for failure to investigate.

### (3) Failure to Renew a 404(b) Motion

Movant argues that trial counsel's failure to renew a 404(b) motion unfairly prejudiced Movant because it resulted in the revelation of Movant's prior felony conviction to the jury. Movant contends that he never agreed with trial counsel to dispose of the 404(b) motion. Whether or not Movant agreed with Ms. Herrick's strategy, that issue is irrelevant

8

because the government did not present evidence of "other crimes, wrongs, or acts" that warranted a 404(b) evaluation. *See* Fed. R. of Evid. 404(b). Moreover, Movant testified to his prior felony conviction at trial. (Dkt. No. 79, 02/03/2004 Trial Tr. VI at 1146-48.) In a sworn declaration, Ms. Herrick stated, "I discussed with [Movant] the fact that if he chose to testify on his own behalf, then the government likely would be able to reference his prior felony conviction to impeach his credibility." (File No. 1:07-CV-637, Dkt. No. 12-2, 11/20/2007 Herrick Decl. ¶ 4.) Thus, trial counsel was not ineffective for failure to renew a 404(b) motion.

**(4) Stipulating to the Admissibility of Prejudicial Evidence**

Movant contends that his counsel improperly stipulated to the admissibility of prejudicial evidence. Movant claims that counsel advised him to sign a "Rights form" that relieved the government of the burden to prove the admissibility of evidence used at trial. (Dkt. No. 1, 07/02/2007 Mot. 22.) Movant relies on *United States v. Cronic*, 466 U.S. 648 (1984), claiming that counsel's stipulation resulted in the type of legal representation that did not "subject the prosecution's case to meaningful adversarial testing." (*Id.* at 24 (quoting *Cronic*, 466 U.S. at 659).) However, Movant points to no specific evidence that counsel could have questioned as inadmissible, which demonstrates the purely speculative nature of Movant's argument. *See Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985) (holding that a defendant must make more than "merely speculative assertions" to prove ineffective assistance). In addition, Movant's counsel had the opportunity to object to the exhibits

9

offered into evidence by the government at trial. (*See, e.g.*, File No. 1:02-CR-226, Dkt. No. 76, 01/29/2004 Trial Tr. Vol III at 332, 414, 428, 441, 450, 452, 454, 480, 493, 498.) In fact, Movant's counsel raised an admissibility issue at the start of trial when she objected to the use of bank surveillance photos in the government's opening statement. (Dkt. No. 74, 01/27/2004 Trial Tr. I at 26-27.) Therefore, Movant's assertion that the government had a free pass to submit prejudicial evidence as a result of his counsel's stipulation is without merit. Accordingly, counsel's representation was objectively reasonable on this issue.

**(5) Failure to Make Appropriate Objections**

Movant argues that his counsel should have objected to the government's references to "9/11" during direct examination of Damon Johnson, an accomplice from the February 15, 2002 robbery. The government made these references while attempting to establish the time frame in which Johnson lent Movant a gun prior to the May 10, 2001 robbery. (*See* Dkt. No. 75, 01/28/2004 Trial Tr. Vol. II at 306.) Although Movant claims that the references prejudiced him, Movant has not shown that an objection would have created "a reasonable probability that . . . the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Even if Movant's counsel had objected to the government's 9/11 references, the result of the proceeding would have remained unchanged because Johnson's testimony regarding his gun would have remained unchanged. Therefore, Movant has shown no prejudice and the failure of Movant's counsel to object fell "within the wide range of reasonable professional assistance." *Id.* at 689.

10

Movant also claims that his counsel was ineffective for failing to object to a misstatement of the government's burden of proof in closing argument. Movant argues that the government "suggested" that the jury should weigh the evidence under a preponderance of the evidence standard. This argument has no merit. The government used the phrase "beyond a reasonable doubt" thirteen times during its closing argument, and never once mentioned a preponderance standard. (*See* Dkt. No. 80, 02/04/2004 Trial Tr. VII at 1172-1202.)

**(6) Failure to Present a Closing Argument**

Movant contends that counsel was ineffective for failure to make an adversarial closing argument. During closing argument, Movant's counsel referenced Movant's alibis in an attempt to raise reasonable doubt as to Movant's guilt. (*See Id.* at 1204, 1217-18, 1220-21, 1226-27.) While counsel did mention evidence unfavorable to Movant, that tactic was not an attempt to prejudice Movant, but rather an acknowledgment of the evidence the defense had to overcome. (*See, e.g., id.* at 1204, 1210, 1213, 1216, 1218.) Furthermore, though Movant may have disagreed with counsel's methods, "counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003). Therefore, trial counsel's closing argument met an objectively reasonable level of representation.

**(7) Failure to Argue Ineffective Assistance on Appeal**

In addition to his claims against trial counsel, Movant also argues that his appellate counsel was ineffective for failure to argue that Movant received ineffective assistance at trial. However, appellate counsel cannot be ineffective for that reason if trial counsel's performance is deemed effective. As the Sixth Circuit has concluded, "[i]f trial counsel performed adequately, our inquiry is at an end; by definition, appellate counsel cannot be ineffective for failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001); *see also McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) ("Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.") Therefore, because Movant's claims of ineffective assistance at trial are meritless, there is no probability that inclusion of those claims on direct appeal would have changed the result. Thus, appellate counsel could not have been ineffective.

**D. Ground Two: Refusal to Allow a Second Voir Dire Examination**

Movant argues that, based on the biases of two jurors, the trial court erred in failing to grant Movant a second voir dire examination. The first juror attended the same Islamic Center as Stevie Jones, an accomplice of Movant who testified against him. The trial court conducted a *Remmer* hearing, by individually questioning the juror as to whether he could remain impartial despite his religious affiliation with Mr. Jones. *See Remmer v. United States*, 347 U.S. 227, 229-30 (1954) (holding that the possibility of jury bias should be

examined in a separate hearing "with all interested parties"). Following the examination of the juror, both Movant and his counsel stated their satisfaction with the juror in question:

> THE COURT: I asked two questions: What do you want to do with [the juror], and do you want me to inquire into the rest of the jury?
>
> MS. HERRICK: I've inquired with my client, and he does not want you, nor request, nor feel it's necessary, for the Court to inquire of the other jurors. He also is satisfied with [the juror's] ability to be impartial and decide this case appropriately.
>
> THE COURT: Is that right, Mr. Owens?
>
> [MOVANT]: Yes, sir.

(Dkt. No. 76, 01/20/2004 Trial Tr. III at 531.) Considering the trial court's execution of a *Remmer* hearing and Movant's affirmation that he was satisfied with the juror in question, the trial court did not err in refusing to grant a second voir dire examination. In addition, this claim of jury bias is procedurally barred, based on Movant's failure to raise the issue on direct appeal. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Movant's second allegation of jury bias stemmed from a juror who wrote a note to the court staff expressing a safety concern because Movant was staring at the juror. On direct appeal, the Sixth Circuit determined that the trial court did not abuse its discretion in refusing to investigate the possible bias of the juror who passed the note. *See Owens*, 426 F.3d at 805. Because this claim has already been reviewed on direct appeal, it may not be re-litigated through a § 2255 motion unless "extraordinary circumstances" are present. *Dupont v. United*

13

*States*, 76 F.3d 108, 110 (6th Cir. 1996). Examples of extraordinary circumstances include an intervening change in the law or the revelation of facts that reflect actual innocence. *See Reeves v. Davis*, 83 F. App'x 67, 68 (6th Cir. 2003); *Keith v. Snyder*, 41 F. App'x 728, 729 (6th Cir. 2002). No new facts have come to light and no applicable changes in law have occurred since the Sixth Circuit decided this issue on appeal.

Even if the re-litigation doctrine did not apply, a trial court must only conduct a *Remmer* hearing when "a colorable claim of extraneous influence" is raised. *Id.* (quoting *United States v. Davis*, 177 F.3d 552, 557 (6th Cir. 1999)). A colorable claim of extraneous influence is "one derived from specific knowledge about or a relationship with either the parties or their witnesses." *Id.* (*quoting United States v. Herndon*, 156 F.3d 629, 636 (6th Cir. 1998)). This juror had no knowledge about or relationship with Movant. Therefore, the trial court did not err in refusing to allow a second voir dire examination.

### E. Ground Three: Insufficient Evidence

Movant contends there was insufficient evidence at trial to convict him of various aiding and abetting charges from the November 2, 2000, November 28, 2001, and February 15, 2002, robberies, as well as the conviction for felon in possession of a firearm arising from the November 2, 2000, robbery. These claims are all procedurally barred because Movant failed to raise them on direct appeal. *See Frady*, 456 U.S. at 167-68. In addition, Movant fails to demonstrate the cause or actual prejudice that would permit an exception to this procedural bar. *See Bousley*, 523 U.S. at 622.

Even if these claims were not procedurally barred, there is sufficient evidence for a jury to convict Movant of these crimes. The standard to determine sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Samuels*, 308 F.3d 662, 666 (6th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)); *see also United States v. Gardner*, 488 F.3d 700, 710 (2007) (noting the "very heavy burden" of proof on a defendant who disputes the sufficiency of the evidence). In addition, when considering the sufficiency of the evidence, a court "does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury." *United States v. Davis*, 300 F. App'x 393, 400 (6th Cir. 2008) (quoting *Gardner*, 488 F.3d at 710) (internal quotations omitted).

To dispute his convictions in connection with the November 2, 2000, bank robbery, Movant relies upon the testimony of accomplice Lashawn Winston to discredit the testimony of accomplice Stevie Jones. However, "attacks on witness credibility are simple challenges to the quality of the government's evidence and not the sufficiency of the evidence." *Samuels* at 667 (quoting *United States v. King*, 272 F.3d 366, 370 (6th Cir. 2001)); *see also Jackson*, 443 U.S. at 319 ("[T]he assessment of the credibility of witnesses is generally beyond the scope of review."). It is the jury's duty to determine the credibility of witnesses at trial, not that of this Court in a § 2255 motion.

15

Movant also relies upon his own denial of involvement in the November 2 robbery. The record flatly contradicts Movant's position. The testimony of Damon Johnson and Stevie Jones implicate Movant in that robbery. (*See* Dkt. No. 75, 01/28/2004 Trial Tr. II at 290 (Johnson); Dkt. No. 76, 01/29/2004 Trial Tr. III at 472-484 (Jones).) Moreover, Jones' testimony substantiates Movant's possession of a gun at the scene. (*See id.* at 478, 481.) The testimony of two bank employees corroborate with Mr. Jones' account of the robbery. (*See* Dkt. No. 77, 01/30/2004 Trial Tr. IV at 609, 622-23.) Therefore, there is sufficient evidence for a rational juror to find Movant guilty of bank robbery by force or violence and of felon in possession of a firearm on November 2, 2000.

To dispute his conviction for aiding and abetting the possession of a firearm in connection with the February 15, 2002, robbery, Movant claims he was coerced into taking part in that crime. However, there is sufficient evidence such that a rational juror could have convicted Movant of aiding and abetting. Movant's two accomplices in that robbery both testified that they were friends with Movant and his family for many years prior to the robbery. (*See* Dkt. No. 75, 01/28/2004 Trial Tr. II at 286 (Johnson); Dkt. No. 77, 01/30/2004 Trial Tr. IV at 793 (Sorrells).) In addition, the bank employees who testified provided no evidence that Movant appeared under duress. If anything, the testimony of those employees was consistent as to the aggressive behavior of Movant. (*See* Dkt. No. 75, 01/28/2004 Trial Tr. II at 180, 208, 224-25.) Also, though there was a discrepancy as to the number of guns used in the commission of the robbery, there was sufficient evidence to conclude that at least one gun was used. (*See id.* at 179, 218, 221, 235, 291.)

To dispute his convictions for aiding and abetting the possession of a firearm in connection with the November 28, 2001, robbery, Movant once again attempts to discredit the testimony of an accomplice, in this case Adika Sutton. This is not a presentable issue on collateral review. *See Davis*, 300 F. App'x at 400. Additionally, Movant claims that because he did not take part in robbing the bank, his sentence for aiding and abetting should be dropped. However, the government need only show that Movant (1) knew one of his accomplices possessed a gun with the intent to commit the robbery, and (2) acted with the intent to assist or influence the commission of the robbery. *Gardner*, 488 F.3d at 712-13. The testimony of Adika Sutton and Darrell Jackson are consistent as to Movant's involvement in organizing and overseeing the robbery. (Dkt. No. 77, 01/30/2004 Trial Tr. IV at 648-52 (Sutton), 733-38 (Jackson).) In addition, Mr. Sutton testified to receiving a gun from Movant prior to the robbery. (*Id.* at 648-49.) Bank employees also testified to the use of a gun in the commission of the robbery. (*Id.* at 687, 695.) Therefore, sufficient evidence exists for a rational trial of fact to convict Movant of aiding and abetting.

**F. Ground Four: Unconstitutional Sentence**

Finally, Movant argues that the trial court failed to properly weigh the factors set forth by 18 U.S.C. § 3553(a) when determining Movant's sentence. Movant claims the trial court focused only on what the Sentencing Guidelines prescribed as an appropriate sentence and ignored the other factors in § 3553(a).

This claim is contradicted by the record. On direct appeal, Movant challenged the constitutionality of his sentence under *United States v. Booker*, 543 U.S. 220 (2005), which

held that the Sentencing Guidelines are to be used as an advisory tool, not a mandatory scheme. *Id.* at 246. The Sixth Circuit remanded Movant's case for resentencing specifically so that the district court would balance the recommended Guidelines sentence with the other factors in § 3553(a). *See United States v. Owens*, 426 F.3d 800, 809 (6th Cir. 2005).

Prior to resentencing, Movant submitted a memorandum to this Court that acknowledged his obligation to serve a mandatory minimum of 1,260 months in prison. (Dkt No. 118, 03/07/2006 Sen. Memo. 2.) At resentencing, this Court reduced the sentence from 1,411 months to 1,380 months, despite the fact that Movant was found guilty of perjury. (Dkt. No. 123, 06/16/2006 Am. J.) This sentence reduction is evidence that the Guidelines were considered under an advisory scheme. Now that Movant has been sentenced under *Booker*, the fact that Movant's sentence remains above the mandatory minimum is very much within the bounds of the law. *See Booker*, 543 U.S. at 233 (citing *United States v. Apprendi*, 530 U.S. 466, 481 (2000) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.") Thus, Movant's sentence is not unconstitutional.

## VI. Conclusion

Movant was not deprived of effective assistance at trial. There is no evidence that counsel represented a conflicting interest and so counsel was not ineffective on that basis. Counsel was not ineffective for failure to investigate because the record shows that counsel conducted a thorough and reasonable investigation. Counsel was not ineffective for failure to renew a 404(b) motion because there was no evidence presented that warranted a 404(b)

evaluation. Counsel was not ineffective for stipulating to the admissibility of prejudicial evidence because there was no dispute over the admissibility of any evidence. Counsel was not ineffective for failure to make appropriate objections because the record reflects that counsel's decisions were objectively reasonable and were not prejudicial to Movant. Counsel was not ineffective for failure to present a closing argument because this argument is flatly contradicted by the record. And, because the Court has deemed Movant's trial counsel effective, Movant's appellate counsel cannot be ineffective for failure to raise an ineffective assistance claim on direct appeal.

The trial court did not err in refusing to allow a second voir dire examination because the trial court and the Sixth Circuit dismissed any possibility of jury bias. Movant was not sentenced based on insufficient evidence because the record reflects that any rational trier of fact could have convicted Movant beyond a reasonable doubt. Movant's sentence was not unconstitutional because his sentence has already been remanded under *Booker* to consider the factors set forth in 18 U.S.C. § 3553(a). For these reasons, Movant is not entitled to relief under § 2255.

An order and judgment consistent with this opinion shall be entered.

Dated: November 17, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE