UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN AZA JEROME OWENS #11142-040,

       Movant,

                                              File No.  1:07-CV-637

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                        /

## **MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Movant Ian Aza Jerome Owens' "Motion for Order to Correct Judgment" under Fed. R. Civ. P. 59(e) (Dkt. No. 18, 02/25/2008), which the Court will treat as a motion for reconsideration.  *See United States v. Arredondo*, 349 F.3d 310, 313-14 (6th Cir. 2003); *United States v. Correa-Gomez*, 328 F.3d 297, 299 (6th Cir. 2003).  A court may grant a motion under Rule 59(e) if there is a need to address: (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, (4) the prevention of manifest injustice.  *Whitehead v. Bowen*, 301 F. App'x 484, 487 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

      Movant argues that his motion should be granted pursuant to the Supreme Court's ruling in *Clay v. United States*, 537 U.S. 522, 524-525 (2003), which held that the one-

year statute of limitations on a § 2255 motion begins to run when the time for filing a petition for certiorari expires, rather than when the appellate court issues a mandate affirming the conviction. However, the *Clay* decision does not change the fact that the statute of limitations on Movant's § 2255 petition ran on July 2, 2007. (*See* File No. 1:02-CR-226, Dkt No. 131, 06/26/2007 Order 3.) An attempt to raise a new claim for relief under a Rule 15 motion to amend is subject to the same one-year limitation imposed upon § 2255 motions, as set forth in the Antiterrorism and Effective Death Penalty Act of 1996. *Howard v. United States*, 533 F.3d 472, 476 (6th Cir. 2008); *Oleson v. United States*, 27 F. App'x 566, 570 (6th Cir. 2001). Movant filed his motion to amend on December 17, 2007, well after the statute of limitations had run. (*See* File No. 1:07-CV-637, Dkt. No. 16, 12/17/2007 Mot.) And, as this Court discussed in its denial of the original motion to amend, the claims raised do not escape the statute of limitations because they fail to relate back to the original § 2255 petition. (*See* 02/05/2008 Op. & Order 4.) Therefore, Movant has neglected to meet a condition that would warrant reconsideration under Fed. R. Civ. P. 59(e).

In addition, Movant's request for a certificate of appealability will also be denied. A court issues a certificate of appealability only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Movant has failed to show such a denial in his § 2255 motion or his motion for reconsideration.

**NOW THEREFORE, IT IS HEREBY ORDERED** that Movant's Rule 59(e) motion for reconsideration (Dkt. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's request for a certificate of appealability (Dkt. No. 18) is **DENIED**.

Dated: November 17, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE